**In the Matter of Howard PERRY, Patient.**

**No. 223–67.**

United States District Court
District of Columbia.

June 14, 1967.

Edward E. O'Neill, Washington, D. C., for Patient.

Charles T. Duncan, Corp. Counsel, Una Rita Quenstedt, Asst. Corp. Counsel, Charles J. Brown, Asst. Corp. Counsel, Washington, D. C., for the District of Columbia.

WILLIAM B. JONES, District Judge.

### MEMORANDUM

The patient, Howard Perry, through his counsel, has moved to dismiss the petition for judicial hospitalization filed in this proceeding by Dr. James D. Blount of the District of Columbia General Hospital. The position of the

patient is that he is being illegally detained in St. Elizabeths Hospital to which he was transferred pursuant to order of this Court on April 18, 1967 which was the same date that the petition for judicial hospitalization was filed.

It appears from the records in this case that on March 24, 1967 Howard Perry was taken into custody by Dr. Blount as result of application made by Dr. Charles Mosee, a licensed physician in the District of Columbia. The application by Dr. Mosee was pursuant to § 21–521 of the District of Columbia Code, 1961 (Supplement V 1966). Thereafter the patient was examined, admitted and detained in the District of Columbia General Hospital for purposes of emergency observation and diagnosis as provided by § 21–522. However, no written petition was filed with this Court for an order authorizing detention in excess of 48 hours of the patient, Howard Perry, for emergency observation and diagnosis as provided for in § 21–523 of the Code. As noted, the petition for judicial hospitalization was not filed with this Court until April 18, 1967, almost four weeks after the patient, Howard Perry, was admitted to the District of Columbia General Hospital for emergency hospitalization. The patient contends that the petition for judicial hospitalization should be dismissed in light of these facts.

Section 21–523 of the 1961 District of Columbia Code (Supplement V 1966) provides:

A person admitted to a hospital under section 21–522 may not be detained in the hospital for a period in excess of 48 hours from the time of his admission, unless the administrator of the hospital has, within that period, filed a written petition with the court for an order authorizing the continued hospitalization of the person for emer-gency observation and diagnosis for a period not to exceed 7 days from the time the order is entered.

■■■ Were § 21–523 to be considered alone there might well be merit to the patient's contentions here. However, that section must be read in connection with § 21–528 both of which are integral parts of Subchapter III, Hospitalization of the Mentally Ill Act. Section 21–528 reads as follows:

Notwithstanding any other provision of this subchapter, the administrator of a hospital in which a person is hospitalized under this subchapter may, if judicial proceedings for his hospitalization have been commenced under subchapter IV of this chapter, detain the person in the hospital during the course of the judicial proceedings.

The petition for judicial hospitalization now pending in Court, which was filed by Dr. Blount on April 18, 1967 was filed pursuant to § 21–541 of the District of Columbia Code 1961 (Supplement V 1966) which is a section of Subchapter IV, Hospitalization of the Mentally Ill Act. The first sentence of § 21–541 reads as follows:

(a) Proceedings for the judicial hospitalization of a person in the District of Columbia may be commenced by the filing of a petition with the Commission on Mental Health by his spouse, parent, or legal guardian, by a physician, by a duly accredited officer or agent of the Department of Public Health, or by an officer authorized to make arrests in the District of Columbia. * * *

■■■ Thus it appears that Dr. Blount's petition for judicial hospitalization of the patient commenced the judicial proceedings and patient's motion here to dismiss that petition is without merit. It will be denied.